Peter Strojnik
7847 N. Central Ave.
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
FEB 21 2020
JEFFREY P. COLWELL
CLERK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| PETER STROJNIK<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIANIA LODGE AT VAIL, LTD<br><br>DEFENDANT. | Case No: 1:20-cv-00034-NYW<br><br>**FIRST AMENDED COMPLAINT**<br>(as of right change of defendant id only)<br><br>1. **Americans with Disabilities Act**<br>2. **Discrimination in Public Accommodations (State Law)**<br>3. **Negligence**<br><br>**JURY TRIAL REQUESTED** |

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) the Colorado Anti-Discrimination Act ("CADA") and (3) common law of negligence per se.

## PARTIES

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA, Unruh and DPA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer

and renal cancer, degenerative right knee[1] and is therefore a member of a protected class under the ADA and Unruh.

4. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 356 Hanson Ranch Road., Vail, CO 81657 which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and CADA.

**PLAINTIFF'S DISABILITY AND CAUSAL CONNECTION BETWEEN IT AND ALLEGED BARRIERS**

5. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks, stands, sleeps, climbs stairs with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

6. In particular, Plaintiff's renal cancer causes pain in the abdominal and back area, the severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy causes pain while walking, standing, sitting, climbing and lying down. The knee prosthesis also causes pain while walking, standing, sitting, climbing and lying down.

7. As a consequence of Plaintiff's disability, Plaintiff requires 28 CFR 36.302(e) disclosures that include information about accessible entrances to the hotel (e.g. disclosure of disability passenger drop of zone, the distance between accessible parking and the entrance to the hotel, proper signage in accessible parking), the path of travel to guest check-in and other essential services (e.g. accessible check in counter, accessible business counters, accessible concierge desk), and the accessible route to the accessible room or rooms and the description of accessible rooms (e.g., roll in shower, lowered peepholes, lowered security hardware, proper door opening hardware, water temperature, shower spray unit positive shut off, lowered AC and other controls etc.). In addition, the Hotel's booking websites fail to include information about important features that do not comply with the Standards.

---

[1] The right knee has since been replaced with a prosthesis.

8. Further as a consequence of Plaintiff's disability, with respect to specific architectural barriers described in Addendum A, Plaintiff requires accessibility pursuant to ADA and CADA.

9. Further as a result of Plaintiff's disability and the consequential entitlement to a mobility accessible room properly dispersed between various categories of rooms, Plaintiff enjoys the absolute right to (1) not pay a premium for an accessible room (28 CFR § 36.301) and to have the ability to rent a premium accessible room (dispersion).

10. Defendant (1) failed to provide information required by 28 CFR 36(302(e) and (2) failed to remove architectural barriers to accessibility, all as more fully described in Addendum A.

11. Defendant's failure (1) to provide information required by 28 CFR 36(302(e) and (2) remove architectural barriers to accessibility deprived Plaintiff from full and equal enjoyment of the Hotel.

## JURISDICTION

12. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

13. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

14. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

15. Venue is proper pursuant to 28 U.S.C. § 1391.

16. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

17. Plaintiff is deterred from visiting the Hotel based on Plaintiff's personal knowledge that the Hotel is not ADA or CADA compliant as such compliance relates to Plaintiff's disability.

3

18. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## COUNT ONE
## Violation of Plaintiff's Civil Rights under the ADA

19. Plaintiff realleges all allegations heretofore set forth.
20. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his musculoskeletal disabilities all as more fully described above.
21. Plaintiff visited the Vail area on or about August 21-25, 2019.
22. In preparation for the visit, Plaintiff consulted 3rd party and 1st party booking agent's websites, including the booking websites for Defendant, to determine which of the many hotels in the area would best accommodate his ambulatory needs.
23. The deficiencies in Defendant's booking agents' disclosures are documented in Addendum A which is by this reference incorporated herein.
24. Third party booking agent's websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.
25. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.
26. Because Plaintiff intends to revisit the area again, Plaintiff went Defendant's Hotel to determine if it would be able to accommodate his disability needs.
27. Plaintiff noted Defendant's Hotel's lack of accessibility and photographically documented the same as disclosed in Addendum A.

4

28. Plaintiff has a definite plan to return to the Vail area and intends to stay at Defendant's Hotel once the Hotel confirms its ADA compliance (futility).
29. Plaintiff's personal encounter with architectural barriers to accessibility interfere with his full and equal enjoyment of Defendant's Hotel on account of his disabilities described above.
30. The architectural barriers interfere with Plaintiff's full and equal enjoyment of Defendant's Hotel because they make it more difficult for Plaintiff to enjoy Hotels amenities than for a non-disabled individual.
31. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.
32. The removal of accessibility barriers listed above is readily achievable.
33. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:
    A. Relief described in 42 U.S.C. §2000a – 3; and
    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -
    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and
    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and
    E. Equitable nominal damages; and
    F. For costs, expenses and attorney's fees; and
    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

**COUNT TWO**
**(Violation of the CADA)**

34. Plaintiff realleges all allegations heretofore set forth.

35. Pursuant to CADA:

    It is a discriminatory practice and unlawful for a person, directly or indirectly, to refuse, withhold from, or deny to an individual or a group, because of disability…, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation [.] Colo. Rev. Stat. §24-34-601(2)

36. Pursuant to implementing state regulation, the CADA is "substantially equivalent to Federal Law, as set forth in the Americans with Disabilities Act…" 3 CO ADC 708-1:60.1(B).

37. The regulation further provides that "[w]henever possible, the interpretation of state law concerning disability shall follow the interpretations established in Federal Regulations adopted to implement the Americans with Disabilities Act…" 3 CO ADC 708-1:60.1(C).

38. As stated above, Defendant has violated the CADA by denying individuals with musculoskeletal disabilities the full and equal enjoyment of goods, services and accommodations of the Defendant Hotel.

39. Defendant's violations of CADA have harmed Plaintiff and will continue to harm Plaintiff in the absence of injunctive relief sought here.

40. Any Person who violates § 24-34-601 (1) "shall forfeit and pay a sum no less than fifty dollars nor more than five hundred dollars to the person aggrieved hereby.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of ADA and CADA; and

b. Irrespective of Defendants "voluntary cessation" of the CADA violation, if applicable, a permanent injunction pursuant to CADA which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in CADA, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in

     compliance with the relevant requirements of CADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the CADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

e. For damages to the maximum extent allowable by law; and

f. For reasonable attorney's fees, litigation expenses and costs; and

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

**COUNT THREE**
Negligence

41. Plaintiff realleges all allegations heretofore set forth.

42. ADA and CADA specify prohibited conduct violating the accessibility standards as set forth in 1991 and 2010 Standards for Accessibility Design and 28 CFR Part 36.

43. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

44. Defendant breached this duty.

45. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[2].

46. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

---

[2] 42 U.S.C. § 12101(a)(2)

47. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[3].
48. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.
49. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[4].
50. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.
51. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[5].
52. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.
53. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[6].
54. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.
55. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the

---

[3] 42 U.S.C. §12101(a)(3)
[4] 42 U.S.C. §12101(a)(5)
[5] 42 U.S.C. §12101(a)(6)
[6] 42 U.S.C. §12101(a)(7)

United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[7].

56. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

57. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

58. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

59. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

60. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 15th day of February 2020.

**PETER STROJNIK**

_____
Plaintiff

---

[7] 42 U.S.C. §12101(a)(8)

# ADDENDUM A

## BOOKING WEBSITES – ACCESSIBILITY INFORMATION
## HOTELS.COM

### INSUFFICIENT ACCESSIBILITY DISCLOSURE

| Accessibility | In-room accessibility |

### 1ST PARTY WEBSITE
http://christiania-at.hotels-vail.com/en/

### NO ACCESSIBILITY DISCLOSURE

### PERSONAL BARRIER ECOUNTERS


Identification


No accessible parking


No marked passenger drop off zone


Inaccessible entry with no signage to accessible route


Improperly configured handrails


More than 5 lbs to open

| | | |
|---|---|---|
| Inaccessible route with no signage to accessible route | Improperly configured handrails | Inaccessible Check In Counter |
| Open risers on stairs | More open risers | Improperly configured handrails |
| No pool access | Inaccessible bar | Inaccessible – No signage – Open risers – wrong handrails |

|  Inaccessible – No signage – Open risers – wrong handrails | No signage to accessible route |  Improperly configured handrails |
|---|---|---|
|  More than 5 lbs to open | Improperly configured handrails |  Inaccessible entry with no signage to accessible entry. More than 5 lbs to open |

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about August 21-24, 2019.

**END**